UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

TIFFANY Y.,

                    Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

                    Defendant.

Case No. C25-5221-SKV

ORDER AFFIRMING THE
COMMISSIONER'S DECISION

Plaintiff seeks review of the denial of her applications for Supplemental Security Income (SSI) and Disability Insurance Benefits (DIB). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, the Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

## BACKGROUND

Plaintiff was born in April 1980, has a high school education, and has worked as a steward. AR 569-70. Plaintiff was last gainfully employed in April 2016. AR 569.

On May 8, 2017, Plaintiff applied for benefits, alleging disability as of April 18, 2016. AR 564. Plaintiff's applications were denied initially and on reconsideration, and Plaintiff requested a hearing. AR 51. After the ALJ conducted a hearing on May 23, 2019, the ALJ

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 1

issued a decision finding Plaintiff not disabled.  AR 51, 60.  Plaintiff appealed that decision to the Appeals Council, which denied her appeal, and she appealed to this Court.  AR 1060.  The parties stipulated to remand, and the Court remanded the case for further proceedings.  *Yardley v. Comm'r of Soc. Sec.,* No. C20 -05777-BAT, slip op. (W.D. Wash. May 21, 2021).  The ALJ conducted a second hearing on December 1, 2022, again finding Plaintiff not disabled.  AR 1060, 1072.  Plaintiff again appealed to this Court, the Commissioner consented to remand, and on August 15, 2023, this Court again remanded the case for further proceedings.  AR 2400-01. The ALJ held a third hearing on October 16, 2024, and once again found that Plaintiff was not disabled.  AR 2196, 2215.

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[1] the ALJ found:

**Step one**:  Plaintiff has not engaged in substantial gainful activity since April 18, 2016.

**Step two**:  Plaintiff has the following severe impairments:  chronic infections; degenerative disc disease; inflammatory arthritis; Lyme diseases; hypermobility syndrome; fibromyalgia; and irritable bowel syndrome

**Step three**:  These impairments do not meet or equal the requirements of a listed impairment.[2]

**Residual Functional Capacity (RFC)**:  Plaintiff can perform light work except she can occasionally climb ramps and stairs but never climb ladders, ropes, or scaffolds.  She can occasionally stoop, kneel, crouch, and crawl.  She can tolerate occasional exposure to extreme environmental heat and cold, humidity, and wetness.  She can tolerate occasional exposure to workplace vibration, and to workplace hazards such as unprotected heights and exposed, moving machinery.  She can occasionally reach overhead bilaterally.  She can frequently, but not constantly, handle and finger bilaterally.  Plaintiff can tolerate occasional exposure to atmospheric conditions.  She requires ready access to restroom facilities (defined as 5 minutes or less walk from workstation).

**Step four**:  Plaintiff cannot perform past relevant work.

---

[1] 20 C.F.R. §§ 404.1520, 416.920.
[2] 20 C.F.R. Part 404, Subpart P., App. 1.

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 2

**Step five**: As there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, Plaintiff is not disabled.

AR 2198-2215.

Plaintiff appealed the final decision of the Commissioner to this Court. Dkt. 8. The parties consented to proceed before the undersigned Magistrate Judge. Dkt. 5.

## LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on harmful legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id*.

Substantial evidence is "more than a mere scintilla. It means - and means only - such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (cleaned up); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for evaluating symptom testimony, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id*.

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 3

**DISCUSSION**

Plaintiff argues the ALJ erred by misevaluating her subjective symptom testimony, the medical evidence, the lay witness testimony, and at step two and five. The Commissioner argues the ALJ's decision is free of harmful legal error, supported by substantial evidence, and should be affirmed.

**A.     The ALJ Did Not Err in Evaluating Plaintiff's Testimony**

Absent evidence of malingering, an ALJ must provide "specific, clear, and convincing" reasons supported by substantial evidence to discount a plaintiff's testimony. *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017). That said, the ALJ need not believe every allegation, nor analyze testimony line by line. *Ahearn v. Saul*, 988 F.3d 1111, 1116 (9th Cir. 2021); *Lambert v. Saul*, 980 F.3d 1266, 1277 (9th Cir. 2020). The question is not whether this Court is convinced, "but instead whether the ALJ's rationale is clear enough that it has the power to convince." *Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022).

At her most recent hearing, Plaintiff testified that she relies on other people to drive her to appointments, and has not driven since either 2015 or 2017, but she has kept her driver's license current. AR 2237-38. She stopped working because of joint pain, including difficulty moving, which required her to lay down frequently. AR 2240. She had swelling, chafing, and joint pain which made it difficult to sit or even change positions in bed. AR 2241. She has brain fog "pretty much all day long." AR 2242. She cannot stand more than fifteen minutes and can only sit for thirty minutes. AR 2243-44. She has not used a computer or computer keyboard since her illness began. AR 2244. She struggles typing on her phone because of cramping and numbness in her hands which causes her to drop things. AR 2245. She cannot do most activities of daily living because of her pain. AR 2246. She spends most of her day in bed. AR 2247.

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 4

Sitting hurts due to her hemorrhoids caused by her irritable bowel syndrome, and psoriasis on her feet prevents her from wearing shoes. AR 2248. She does not receive treatment for her psoriasis. AR 2248. The only errands she runs are going to doctor's appointments. AR 2251.

The ALJ considered Plaintiff's testimony and provided specific, clear, and convincing reasons for discounting her testimony by finding that her limitations were less than those she testified to based on inconsistencies with her activities and the objective medical evidence. AR 2205.

First, an ALJ may reject a plaintiff's testimony based upon daily activities that contradict her testimony. *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007). The ALJ pointed to evidence that, contrary to Plaintiff's testimony that she had been essentially bedridden since she became ill in 2016, she continued to travel, work, and engage in other contradictory activities. AR 2205.

In July 2016 Plaintiff asked her doctor if there was any reason not to travel to Mexico "for a couple days[.]" AR 946. Her doctor approved. *Id*. In April 2017 she had plans to fly out of state, which she considered canceling due to inflammation "way beyond a yeast inf[ection]" and hemorrhoids, which she was treating with naturopathic remedies. AR 920-21. In April 2018 she had dental work completed in Tijuana, Mexico. AR 1045. In August 2022 she told doctors she had attended a healing retreat. AR 2085-86. In March 2024 Plaintiff again indicated to doctors she intended to go to another retreat. AR 2629.

Other evidence indicates inconsistencies of when and why Plaintiff stopped working. AR 2205-06. Plaintiff reported she had stopped working in 2016, but in a November 2017 intake form Plaintiff said her current occupation was as a steward on a private yacht, on which she worked eighty hours a week. AR 1016. Plaintiff argues that this intake note does not indicate current work, as on the next page of the form in response to the question "during the past year,

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 5

how many days did you miss work, or have your regular activities curtailed, due to illness" she responded "all." Dkt. 16 at 13 (citing AR 1018). While Plaintiff's interpretation of this evidence is rational, so too is the ALJ's. "Where evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld." *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

Further, a 2018 doctor's note regarding current stressors noted that "her boss died and [she] may not have a job[,]" and that her sleep was stressful with her boss dying. AR 1054. A separate June 2018 doctor's appointment tracking log indicated that Plaintiff had a "crazy month – lots of stress – going to get elouped[sic] Boss passed away (no more boat job)[.]" AR 194. A month later the same log noted Plaintiff had "[m]ost [s]tressful month ever – bad neighbor, work, house guest, and getting married in a week and a half." AR 652. In June 2022 Plaintiff reported to doctors she was "doing a good amount of activities this weekend while working at the farmer's market." AR 2084. She reported making her own CBD pills, AR 982, which the ALJ found contradicted her testimony of difficulty using her hands. AR 2208. While Plaintiff is correct that none of this evidence necessarily meets the threshold for transferable work skill, Dkt. 16 at 13-14, it was reasonable of the ALJ to find that this evidence of traveling, continued work, and other activities contradicted Plaintiff's testimony.

Second, an ALJ may discount a claimant's symptom testimony upon finding it inconsistent with the objective medical evidence of record, *Smartt*, 53 F.4th at 498, and properly considers evidence of a claimant's inconsistent or non-existent reporting of symptoms, *Greger v. Barnhart*, 464 F.3d 968, 972 (9th Cir. 2006), evidence associated with a claimant's treatment, 20 C.F.R. § 404.1529(c)(3), including minimal, conservative treatment, *Meanel v. Apfel*, 172 F.3d

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 6

1111, 1114 (9th Cir. 1999), and unexplained or inadequately explained failure to seek or follow through with treatment, *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008).

The ALJ further discounted Plaintiff's testimony as inconsistent with the medical evidence. AR 2206. Specifically, he pointed to evidence that in June 2024 Plaintiff had a completely normal physical exam and made no complaints to her doctor at that time of any of the symptoms she testified to. AR 2644-46. Plaintiff argues that complaints, or lack of complaints, to her gynecologist is not significant. Dkt. 16 at 14. However, it was reasonable of the ALJ to find it inconsistent that Plaintiff did not bring up any of her ongoing health complaints in the context of trying to get pregnant. AR 2206. Though she complained of breathing issues in her application, AR 1436, Plaintiff continued smoking half a pack of cigarettes a day, AR 2630, contrary to medical advice, *see*, *e.g.*, AR 727, 1996, 2165. The ALJ also reasonably found that exams, which showed good muscle tone, motion, no atrophy, and motor strength ranging from 3/5 to 5/5 depending on the day, were inconsistent with Plaintiff's testimony that she was essentially bed-ridden since 2016. AR 974, 1052, 1841, 1913, 2206-07.

Though Plaintiff complained of memory issues and difficulty concentrating, objective tests of her memory and attention were generally normal. *See*, *e.g.*, AR 1854 ("Memory: intact"), AR 1861 ("memory – normal"), AR 1906-07 ("The claimant's ability to perform simple and repetitive tasks is adequate, ability to perform detailed and complex tasks is adequate, and ability to perform work activities on a consistent basis without special or additional instructions is adequate, based on the claimant's performance on the cognitive exam"), AR 1925 ("alert, oriented to person, place, date, day, situation, and location"), AR 1998 ("memory – normal"), AR 2177-78 (same), AR 2182 (same), AR 2190 (same), AR 2331 ("concentration good except for one error on serial 3s and no errors on serial 7s"). The ALJ also pointed to apparent

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 7

improvement with conservative treatment as contradicting Plaintiff testimony of severe symptoms.  AR 2206-07.  Plaintiff refused medication for her IBS, and instead began using CBD to help with her stomach problems.  AR 717.  She reported that coffee helped with her energy, AR 982, that marijuana, which she has used for over twenty years, provided "much relief with many of [her] ailments," AR 1018, and that conservative physical therapy and massage were highly effective, AR 2175.  Around her alleged onset date she was seeing a naturopath multiple times a week, AR 717, and later notes indicate that some of the naturopathic treatments caused adverse reactions.  AR 2629.  She takes no prescription medications.  AR 1911.  She continued to primarily see a naturopath and chiropractor for her ailments after the alleged onset date, which the ALJ reasonably found was conservative treatment of her conditions.  AR 2206-07.  *See Hocevar v. Kijakazi*, No. 20-36069, 2021 WL 5917991, at *1 (9th Cir. Dec. 15, 2021) (holding that where Plaintiff testified to "uncontrollable pain all over his body," Plaintiff's absence of conventional treatment constituted a sufficient reason to discount his testimony).

### B.    The ALJ Did Not Err in Evaluating the Medical Evidence

Under regulations applicable to this case, the ALJ is required to articulate the persuasiveness of each medical opinion, specifically with respect to whether the opinions are supported and consistent with the record.  20 C.F.R. §§ 404.1520c(a)-(c), 416.920c(a)-(c).  An ALJ's consistency and supportability findings must be supported by substantial evidence.  *See Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022).

#### a.  Other Medical Evidence

As is Plaintiff's counsel's wont, Plaintiff provides a lengthy summary of her medical record and argues for an alternative interpretation of the evidence but fails to provide adequate explanation of why this evidence is relevant and/or fails to engage with the ALJ's reasoning with

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 8

respect to the challenged evidence.  Plaintiff's counsel has been repeatedly admonished regarding these deficient briefings, which violate the Court's scheduling order.  *See, e.g., Joseph L. S.C. v. Comm'r of Soc. Sec.*, No. C23-5246-SKV, 2024 WL 4471778, at \*4 (W.D. Wash. May 22, 2024) (warning the same counsel as the current case the his failure to adequately develop arguments may prejudice his clients and listing other cases where he was previously admonished); *Brian J.C. v. Comm'r of Soc. Sec.,* No. C24-5294-SKV, 2025 WL 1149711, at \*6-7 (W.D. Wash. Apr. 18, 2025) (same); *Andrew H. v. Comm'r of Soc. Sec.*, No. C24-5967-SKV, 2025 WL 2930930, at \*3 (W.D. Wash. Oct. 15, 2025) (same).  Neither the bare assertion of an issue, nor summaries of evidence unaccompanied by analysis or legal arguments suffice to demonstrate harmful error.  *See Greenwood v. Fed. Aviation Admin.*, 28 F.3d 971, 977 (9th Cir. 1994) ("We will not manufacture arguments for an appellant, and a bare assertion does not preserve a claim, particularly when a host of other issues are presented for review."); *see also Putz v. Kijakazi*, No. 21-35733, 2022 WL 6943095, at \*2 (9th Cir. Oct. 12, 2022) (finding that plaintiff, who was represented by the same counsel as in this case, waived any points offered either through bare assertions of error or through lists of "numerous clinical findings, unaccompanied by argument, intended to corroborate testimony the ALJ discounted").  Because "arguments not raised by a party in an opening brief are waived[,]" *Zango, Inc. v. Kaspersky Lab, Inc.*, 568 F.3d 1169, 1177 n.8 (9th Cir. 2009), the Court herein considers only those arguments first raised "'specifically and distinctly'" in Plaintiff's opening brief.  *Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) (quoted source omitted).

//

//

//

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 9

### b. Phong T. Dao, D.O., R. Bitonte, M.D., and T. Do., M.D.

The ALJ considered the opinions of Dr. Dao,[3] Dr. Bitone, and Dr. Do, and found them only somewhat persuasive. AR 2209, 2011. Plaintiff agrees with the ALJ's evaluation of these opinions yet chooses to spend four paragraphs of her reply brief discussing them. Dkt. 16 at 5-6, 11-12. The Court again reminds Plaintiff's counsel not to use briefing to summarize the evidence. The ALJ found that Plaintiff is more limited than these opinions, and even if Plaintiff were raising an argument as to the evaluation of these opinions no harmful error could be shown.

### c. Julie Mai, D.O.

Plaintiff argues the ALJ erred in failing to discuss Dr. Mai's diagnosis of chronic fatigue syndrome. The ALJ did not separately discuss the opinion of Dr. Mai because she did not offer one, though her notes of Plaintiff's visits are in the record. *See* AR 90-95, 323-29, 343-49, 1051-56, 1481-86, 1714-20, 1734-40, 1820-26, 1840-46; *see also Turner v. Comm'r of Social Sec. Admin.*, 613 F.3d 1217, 1223 (9th Cir. 2010) (ALJ not required to provide reasons to reject physician's statement when statement did not assess any specific limitations or opinions in relation to an ability to work). The ALJ did address Plaintiff's fatigue symptoms, and Dr. Dao's opinion of her limitation related to her history of chronic fatigue, and reasonably discounted it as explained above. AR 2207-08. Accordingly, the ALJ did not err in his evaluation of Dr. Mai's notes.

### d. Florence Fadele, ARNP

The ALJ considered the opinion of ARNP Fadele and discounted it as unsupported and inconsistent with the other evidence of record. AR 2212. Specifically, the ALJ pointed to inconsistencies within ARNP Fadele's own opinions rendered on the same day. AR 2212 (citing

---

[3] In referencing Dr. Dao's notes, the ALJ refers to Dr. Phong, transposing his first and last names.

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 10

1704-08 (June 4, 2019, form DSHS evaluation), AR 1852-63 (June 4, 2019, in-office evaluation notes)).  She opined that Plaintiff could occasionally lift ten pounds, and frequently lift five pounds, AR 1852, but elsewhere opined that Plaintiff was unable to meet the demands of sedentary work, AR 1706.  The form defines sedentary work as able to lift a maximum of ten pounds, and frequently lift or carry lightweight articles.  AR 1706.  The ALJ further found the opinion unsupported as ARNP Fadele noted there was "basic lab work pending results," AR 1706, suggesting she did not have all the necessary information to make an informed opinion.  AR 2212.  ARNP Fadele's opinion was also unsupported by her objective examination of Plaintiff, which found entirely normal neurological and psychiatric findings, including intact memory, AR 1854, which contradicted ARNP Fadele's opinion that Plaintiff had short term memory loss.  Accordingly, the ALJ did not err in his evaluation of ARNP Fadele's opinion.

### e.  Myrna Palasi, M.D.

The ALJ considered the opinion of Dr. Palasi and found it not persuasive as unsupported and inconsistent with the overall medical record.  AR 2212.  Specifically, the ALJ found that Dr. Palasi had not examined Plaintiff and reiterated the inconsistencies in the medical record discussed above.  AR 2212.  The ALJ also specifically noted the inconsistency of Dr. Palasi noting Plaintiff as having "No DA and A," AR 1741, though elsewhere in the record Plaintiff indicated she regularly uses marijuana, and had for over twenty years, and uses psychedelic mushrooms one to two times a year.  AR 174.  Though Plaintiff "did a lot of experimentation and partying including cocain[sic], meth, LSD, Extasy[sic], tried heroin[sic] few times (smoked) [she has not] used any of these for at least 10 years now."  AR 174.  Accordingly, the ALJ did not err in discounting Dr. Palasi's opinion.

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 11

### f.  Richard Henegan, M.D.

The ALJ considered Dr. Henegan's opinion and found it not persuasive, as only partially supported, and inconsistent with the overall medical evidence.  AR 2211-12.  While Dr. Henegan's objective exam found 3/5 motor strength and some "give away" pain, other portions of his exam were based on Plaintiff's self-reports.  AR 2211.  "An ALJ may reject a treating physician's opinion if it is based to a large extent on a claimant's self-reports that have been properly discounted as incredible."  *Tommasetti*, 533 F.3d at 1041 (internal quotation and citation omitted).  The ALJ found Dr. Henegan's opinion further unsupported as, though Plaintiff reported being "bedridden by 2016 for about three years[,]" and that "if she is active, she is bedridden for a few days to weeks[,]" she had normal range of motion, normal ambulatory mannerisms, and five out of five grip strength.  AR 1910-14.  The ALJ went on to highlight the other inconsistencies in the medical record already discussed.  Accordingly, the ALJ did not err in discounting Dr. Henegan's opinion.

### g.  Julian Melamed, M.D.

The ALJ considered the opinion of Dr. Melamed and found it persuasive but that Plaintiff was more limited than Dr. Melamed opined, as he had only reviewed the evidence through 2022.  AR 2210.  While Plaintiff argues that "Dr. Melamed greatly understated Yardley's limitations" she fails to raise any challenge to the ALJ's reasoning.  Dkt. 16 at 11.  As previously discussed, this is a conclusory argument which does not establish the ALJ harmfully erred and is accordingly rejected.

### C.    The ALJ Did Not Err in Evaluating the Lay Witness Testimony

The Ninth Circuit has not yet resolved whether an ALJ must provide germane reasons for rejecting lay evidence under the regulations applicable to this case.  *See, e.g., Hudnall v. Dudek*,

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 12

No. 23-3727, 2025 WL 1379101, *2, 3-6 (9th Cir. May 13, 2025) (finding no need to decide issue because any error in failure to provide germane reason for rejecting lay testimony was harmless; containing concurring opinions taking opposing positions as to the new regulations and the germane reason standard); *Crummett v. King*, No. 23-3668, 2025 U.S. App. LEXIS 3235, 2025 WL 470890, at *2 (9th Cir. Feb. 12, 2025).  Without that clarification, this Court continues to find no basis for the Commissioner's assertion that an ALJ need not articulate why the ALJ rejected relevant lay witness evidence.  *See, e.g., Mark C. J. v. Comm'r of Soc. Sec.*, C24-5252-DWC, 2024 WL 4182576, at *4 (W.D. Wash. Sept. 13, 2024); *accord Connelly v. Colvin*, No. 23-35527, 2024 U.S. App. LEXIS 31191, 2024 WL 5040994, at *2 (9th Cir. Dec. 9, 2024).  *See also Vincent ex rel. Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984) (an ALJ may not reject "significant probative evidence" without explanation).  Whatever standard applies, the Court finds the ALJ met his obligation here.

### a.  James Z. Said, D.C., N.D.

The ALJ considered the opinion of Dr. Said and found it unpersuasive as Dr. Said, as a chiropractor and naturopath, is not an accepted medical source, and his opinion was unsupported by his objective exam and inconsistent with the medical and other evidence of record.  AR 2210. The ALJ is correct that neither chiropractors, nor naturopaths are acceptable medical sources under the relevant regulations.  20 C.F.R. §§ 404.1502(a), 416.902(a).  As such, the ALJ was required to provide, at most, germane reasons for rejecting Dr. Said's testimony.  *Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1224 (9th Cir. 2010).[4]  The ALJ here has certainly met that standard.  As such, the ALJ did not err in rejecting the opinion of Dr. Said.

---

[4] The Ninth circuit has yet to clarify how lay testimony should be treated in post-March 2017 cases.

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 13

### b. Mary Oberstein, D.C.

Plaintiff argues the ALJ erred in failing to consider the medical opinion of Dr. Oberstein. Dkt. 16 at 5. As discussed above, as a chiropractor, Dr. Oberstein was not an acceptable medical source. 20 C.F.R. §§ 404.1502(a), 416.902(a). Further, the letter Plaintiff cites does not provide Dr. Oberstein's opinion of Plaintiff's limitations, but only generally asserts that she does not think Plaintiff could have worked while Dr. Oberstein treated her due to Plaintiff's health issues. Dkt. 16 at 5 (citing AR 962). A medical source's statement that a Plaintiff is unable to work is not a medical opinion and is not due any special significance because the legal conclusion of disability is reserved to the Commissioner. 20 C.F.R. §§ 404.1527(d), 416.927(d) ("We will not give any special significance to the source of an opinion on issues reserved to the Commissioner[.]"). To the extent that Dr. Oberstein's observation that Plaintiff was weak and had "difficulty sleeping and functioning in general[]" was an opinion, any failure to consider it was harmless as it was not a medical opinion and the ALJ addresses assertions of weakness, difficulty sleeping, and difficulty functioning in the RFC formulation.

### c. Other Lay Testimony

As Plaintiff concedes, statements from her husband, mother, and friends were very similar to Plaintiff's own statements and testimony. *See* Dkt. 16 at 18. Accordingly, the ALJ's reasoning regarding Plaintiff's testimony applied with equal force to this testimony. *See Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009) (because "the ALJ provided clear and convincing reasons for rejecting [the claimant's] own subjective complaints, and because [the lay witness's] testimony was similar to such complaints, it follows that the ALJ also gave germane reasons for rejecting [the lay witness's] testimony"). Accordingly, the ALJ did not err in rejecting the lay witness testimony.

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 14

**D.      The ALJ Did Not Err at Step Two or Step Five**

At step two, a claimant must make a threshold showing that her medically determinable impairments significantly limit her ability to perform basic work activities. *See Bowen v. Yuckert*, 482 U.S. 137, 145 (1987); 20 C.F.R. §§ 404.1520(c), 416.920(c). "An impairment or combination of impairments can be found 'not severe' only if the evidence establishes a slight abnormality that has 'no more than a minimal effect on an individual's ability to work.'" *Smolen*, 80 F.3d 1273, 1290 (9th Cir. 1996)(quoted source omitted). "[T]he step two inquiry is a de minimis screening device to dispose of groundless claims." *Id.* (citing *Bowen*, 482 U.S. at 153-54). Neither symptoms alone, nor a diagnosis is sufficient to establish a severe impairment. Instead, a claimant must show her medically determinable impairments are severe. 20 C.F.R. §§ 404.1521, 416.921. Moreover, even if an ALJ errs in failing to find an impairment severe at step two, such error is properly deemed harmless where limitations associated with the impairment are considered at step four. *Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007). Finally, an RFC assessment and hypothetical proffered to a vocational expert need not account for limitations or impairments the ALJ properly rejected. *See Bayliss*, 427 F.3d at 1217-18.

In determining that Plaintiff's mental health diagnoses were not severe, the ALJ considered the opinion of Justin Stamschror, M.D. and found it only somewhat persuasive as not fully supported and inconsistent with the overall medical record. AR 2200-01. Plaintiff summarizes Dr. Stamschror's opinion and conclusorily argues that "[c]ontrary to the ALJ's analysis, Dr. Stamschror's findings and clinical observations support his opinion that Yardley's mood disorder and anxiety disorder far more than minimally affect her ability to perform basis work activities." Dkt. 16 at 8-9. Plaintiff does not challenge that Dr. Stamschror's opinion is

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 15

inconsistent with the overall medical record, nor does she show error.[5]  Even if the ALJ had erred in this evaluation, which he did not, any error would be harmless as the ALJ continued to step four and considered both Plaintiff's physical and mental limitations at that step. Accordingly, the ALJ did not err at Step Two or in his evaluation of Dr. Stamschror's opinion.

Moreover, as the ALJ did not err in evaluating any of the challenged evidence, he reasonably formulated the RFC and posed appropriate hypotheticals to the vocational expert.  As such, the ALJ did not err at step five.

<strong>CONCLUSION</strong>

For the reasons set forth above, the Commissioner's final decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

Dated this 25th day of February, 2026.

S. KATE VAUGHAN
United States Magistrate Judge

---

[5] The Court reminds Plaintiff's Counsel that, per its scheduling order, general statements are unacceptable. *See* Dkt. 12 at 2.

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 16